IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANGEL A. PERIERA, )
)
       Plaintiff, )
)
v. ) 1:17CV122
)
DIRECTOR INS JANE/JOHN DOE, )
et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Davie County Detention Center, submitted the completed forms for a civil rights action pursuant to 42 U.S.C. § 1983. However, the fact that he names only federal, not state, officials as Defendants indicates that he is attempting to bring an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In any event, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.     Plaintiff alleges that he is a native of El Salvador present in the United States as a legal permanent resident. He claims that he maintained employment and "avoided criminal mischief or [a] first degree sex offense" in 2015, but that later that same year he "enjoyed an evening with friends and to [sic] much smoking" before being stopped by police while traveling to a store. (Docket Entry 1, § V.) He alleges that he has been incarcerated since that time pending disposition of the case, which apparently includes a charge of driving under the influence. The Complaint is unclear, but because of the driving under the influence charge, the first-degree sexual offense Plaintiff claims to have "avoided," or both, he now faces possible deportation. Plaintiff alleges that

he has counsel and that he raised a challenge to the use of the driving under the influence charge to deport him in a proceeding before an Immigration Judge and that the immigration proceeding remains pending. He also claims that a deportation would cause him undue hardship and that an unidentified "'mandatory' deportation provision" for aliens committing sexual offense is unconstitutional. (Id.) He seeks to stay any deportation pending resolution of his claims and the exhaustion of his legal remedies. He also seeks to challenge the length of his detention and to be housed in a "federal facility [as] opposed [sic] to any containment camp." (Id., § VI.) There are multiple issues with Plaintiff's claim or claims. First, Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Plaintiff gives no valid reason for bringing his claims prior to exhaustion of his administrative remedies. Further, Plaintiff's Complaint is primarily a challenge to his detention and deportation. However, release from detention is not a proper remedy under § 1983 or Bivens. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If Plaintiff is actually in federal custody, which is not clear from the Complaint, he would need to file a petition for habeas corpus under 28 U.S.C. § 2241 in the appropriate circuit court of appeals, not bring a Bivens action. See Dragenice v. Gonzales, 470 F.3d 183, 186 (4th Cir. 2006). To the extent Plaintiff is in state custody and challenging his pretrial detention on state court criminal charges, he would also need to file that claim under § 2241, but in this Court. He should also be aware that the Court does not ordinarily intervene in ongoing state criminal proceedings and that the facts set out in the current Complaint provide no justification for any such intervention.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new action, on the proper forms and in the proper court, which corrects the defects of the present Complaint. Plaintiff should determine which type of action and relief he seeks to file and request the proper forms from the proper court.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action on the proper forms and in the proper court, which corrects the defects of the present Complaint.

This, the 17th day of February, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**